IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA BUFFORD, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:08-CV-3324-TCB |
| | * | |
| TGM ASHLEY LAKES, INC., doing | * | |
| business as TGM Associates, L.P., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S BREIF IN SUPPORT OF PLAINTIFFS MOTION TO**

**OVERRULE DEFENANT'S NOTICE OF APPORTIONMENT**

COMES NOW, Plaintiff, Barbara Bufford, and files this Brief in Support of

Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment

Against Non-Party:

**I.  STATEMENT OF FACTS**

This case arises out of incident on December 1, 2006, when the Plaintiff was

injured due to the collapsing of stairs on the Defendant's property.  On the same

day, Anthony Gonzalez, a maintenance worker at the property spoke with the

Plaintiff where she reported falling through the stairs.

On October 22, 2008 Plaintiff filed her Complaint for Damages against the Defendant.  On December 29, 2008, Plaintiff and Defendant submitted the Joint Preliminary Plan.  *Please see Joint Preliminary Plan attached hereto as Exhibit A.* Defendant did not name any additional parties.  On January 19, 2009, Defendant responded to Plaintiff's requests for discovery and included a written report by Mr. Lawhorne about the stairs in question.  On June 9, 2009, Defendant's Attorney attempted to name Mr. Lawhorne as an expert witness after the discovery period had closed.  *Please see Letter from Defendant's Attorney to Plaintiff's Attorney on June 9, 2009, attached hereto as Exhibit B.*  On June 19, 2009, Defendant instead submitted the Notice of Apportionment of Non-party Charles Lawhorne.

II. <u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

1. **O.C.G.A. § 51-12-33 ONLY APPLIES IF THE DEFENDANT'S DUTIES ARE APPORTIONABLE WHICH IN THIS CASE THEY ARE NOT.**

According to *TGM Ashley Lakes v. Jennings*, a case involving this same Defendant, O.C.G.A. § 51-3-1 imposes a <u>nondelegable</u> duty upon a landowner to keep his premises in a reasonably safe condition, and landowner must use ordinary care to do so.  *TGM Ashley Lakes, Inc. et al. v. Jennings*, 264 Ga.App. 456, 462

(2004).  Furthermore, only when the Defendant surrenders full possession and complete control of the property to the independent contractor may the landowner be relieved of this duty, otherwise landowners are liable for the negligence of those they hire to conduct inspections.  *Carpenter v. Sun Valley Properties, LLC*.  285 Ga.App. 1, 2-3 (2007) *citing Towles v. Cox*, 181 Ga. App. 194 (1986).

In this case it is inappropriate to allow the Defendant to shift blame to Mr. Lawhorne as the duty lies solely within Ashley Lakes and cannot be delegated to Mr. Lawhorne.  Furthermore, it is clear from the record that the Defendant never gave up custody or control of the premises to Mr. Lawhorne at the time Plaintiff fell.  In fact, the Defendant Policies and Procedures manual require that before a independent contractor may begin work, TGM has to approve the work order, which was never submitted until after Plaintiff fell.  *Please see TGM Policy and Procedures Manual: Maintenance Policies, Maintenance Procedures, Maintenance Forms, Purchasing Policies and Purchasing Procedures attached hereto as Exhibit C – G, respectively*.  As such, TGM remained in custody and control of the stairs for which Plaintiff fell and is liable regardless whether Mr. Lawhorne inspected the premises negligently or not.  As such this Court should deny Defendant's attempt to apportion damages and grant Plaintiff's Motion to

Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

## 2.  O.C.G.A. §51-12-33 ONLY APPLIES IF THE PLAINTIFF WAS AT FAULT.

If the Plaintiff was not at fault, then there may be no allocation of fault among Defendant or non-parties.  Nowhere In SB3 did the General Assembly expressly revoke joint and several liability.  O.C.G.A. § 5l-12-33 begins "where an action is brought against one or more persons for injury to person or property and the Plaintiff is to some degree responsible for the injury or damage claim, the trier of fact …" Therefore § 51-l2-33 only applies if the Plaintiff is to some degree responsible.

The Defendant has not pledged or alleged that the Plaintiff was negligent in either its answer or its pleadings. Thus, since the Defendant has not alleged Plaintiff negligence nor adduced any evidence that she might be, there may be no apportionment of damages among the Defendant and non-parties under §51-12-33 and this Court should deny Defendant's attempt to apportion damages and grant Plaintiffs Motion to Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

3.   **APPORTIONMENT OF DAMAGES SHOULD NOT LIE UNLESS THE DEFENDANT COMPLIES WITH THE FEDERAL RULES AND LOCAL RULES OF JOINDER AND NOTICE**

According to FRCP §§ 15, 19 and local Rules 15, a party has a continuing duty to inform the court of any contention of potential Defendants and/or potential additional parties who may be liable for judgment upon the verdict of the case within thirty days.  *FRCP §§15 and 19 (West 2009); Please see Joint Preliminary Plan attached hereto as Exhibit A*.  Despite the fact that the Defendant has known about Mr. Lawhorne's investigation/inspection from the onset of this case, it has failed to follow the Court rules regarding these provisions.   As such it would be improper for this Court to award the Defendant's misfeasance by allowing Apportionment of Mr. Lawhorne in this matter.

4.   **O.C.G.A. §51-12-33 SHOULD BE STRICTLY CONSTRUED.**

The idea of allowing a jury to divide and apportion "fault" among a party and non-parties is contrary to hundreds of years of common law and jurisprudence.

In order for one settling party to obtain contribution against another settling party it must prove "joint negligence." Georgia courts have discussed contribution among joint negligence:

> Before the right of contribution arises, one must have paid more than his share of a common burden which all were equally bound to bear, which arise in a case where the liability was joint, joint and several, or several. The suits here involved were joint suits, the liabilities asserted were joint, and the recoveries were against them jointly. They were equally bound to bear the common burden, which was the result of their concurring negligence. The burden was no less joint because the negligence of the several defendants may have been different in kind or degree. What they had to bear was the joint liability of their joint negligence. It was as much a burden to one as to the other. They were equally liable to the plaintiffs and equally bound to discharge the several judgments. To state it another way reason of their being joint tortfeasors, a common burden was placed upon to wit, the discharge of the liability of both defendants which had been reduced to judgment. *Edison v. Maddox*, 195 Ga. 641, 644 (1943);

The common law rule was, as far as the injured victim was concerned, that one cannot apportion compensatory damages.  Georgia followed that rule until the 2005 passage of SB3 and the changes it made to O.C.G.A. §§51-12-31 and 51-12-33.  If the General Assembly intended to change settled doctrines of joint and several liability and joint negligence, as well as principles that depend on these doctrines, then the General Assembly needed to do so clearly and in a way that does not treat Plaintiffs and Defendants unequally. Since these statutory changes

are in derogation of common law, they should be strictly construed[1] and this Court should deny Defendant's attempt to apportion damages and grant Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

**5.  O.C.G.A. § 51-12-33 (c), (d) (1) AND (2) UNCONSTITUTIONALLY VIOLATES DUE PROCESS AND EQUAL PROTECTION.**

**i.  O.C.G.A. §51-12-33 (c), (d) (1) AND (2) UNCONSTITUTIONALLY DENIES PROCEDURAL DUE PROCESS TO UNREPRESENTED NONPARTIES AS THE STATUTE IS VAGUE, OVERBROAD, UNCERTAIN AND UNCLEAR.**

Due process under the Georgia Constitution requires that civil statutes "must provide fair notice to those to whom the statute is directed and its provisions must enable them to determine the legislative intent." *Bryan v. Ga. Public Service Comm.*, 238 Ga. 572, 574, (2005). A civil statute violates this requirement if it is "so vague and indefinite in its meaning that persons of ordinary intelligence must guess at its meaning and differ as to its application." *Id.* Therefore, the due process

---

[1] *Tuttle v. Watson*,1 Ga. 43, *7 (1846)

test for vagueness of a statute is whether men of common intelligence must guess

at its meaning. *Id.* Accordingly, O.C.G.A. § 51-12-33 runs afoul of this test.

The language of O.C.G.A. § 51-12-33 defies construction. It is irrational,

paradoxical and is overly vague. Specifically, subsections (b) and (c) are

irreconcilably contradictory as these key provisions fail to provide clear standards.

Section (b) of the statute states in relevant part:

> ... apportion its award of damages among the persons **who are liable**
> according to the percentage of fault of **each person**. Damages apportioned
> by the trier of fact as provided in this Code section shall be the **liability** of
> each person against whom they are awarded ...
> O.C.G.A. § 51-12-33 (b) (*Emphasis added*)

Section (c) of the statute states:

> In assessing percentages of **fault**, the trier of fact shall consider the fault of
> **all persons** or entities who contributed to the alleged injury or damages,
> **regardless of whether the person or entity was, or could have been,**
> **named as a party to the suit**. O.C.G.A. § 51 12-33 (c). (*Emphasis added*). .

O.C.G.A. 51-12-33 is too vague, internally inconsistent and indefinite to be

constitutionally enforced.

Section (b) states the damages must be apportioned among persons "liable"

according to the percentage of fault of each person. According to Black's Law

Dictionary, "Liable" means:

1. Responsible or answerable <u>in law</u>; <u>legally obligated</u>.
2. (Of a person) subject to or likely to incur (a fine, penalty, etc.). (*Emphasis added*)

Liability is defined in Black's Law Dictionary as:

1. The quality or state of being <u>legally obligated</u> or <u>accountable</u>; <u>legal responsibility to another</u> or to society, <u>enforceable by civil remedy</u> or criminal punishment.
2. (often pl.) A financial or pecuniary obligation; debt. Cf. Fault. (*Emphasis added*).

However, Section (c) states the fault of all persons or entities who contributed to the alleged injury or damages regardless of whether the person or entity was or even could have been named as a party - must be considered in assessing percentages of fault. These nonparties are not legally obligated or accountable. Plaintiffs have no enforceable civil remedy against them. In fact, although Plaintiff's award is reduced by the percentage of these nonparties' fault, the nonparty has absolutely no financial or pecuniary obligation to the plaintiff for his amount. These nonparties are not answerable in law. In fact, Section (f) (1) states "Assessments of percentages of fault of nonparties shall be used only In the determination of the percentage of fault of named parties" and Section (2) states: "Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not Subject any nonparty to liability in any action or

be introduced as evidence of liability in any action." (Emphasis added). Therefore, these nonparties are paradoxically "deemed liable, but not subject to liability.

Additionally, the statute is overbroad, unclear and uncertain in that the list of "all persons or entities who contributed to the alleged injury or damages" could go on forever and is as broad as the defense counsel's imagination. Because there is no due process, the accused "non-party" and the Plaintiff have no reasonable opportunity to defend against the naming of a so-called "non-party fault" entity. There is no provision for discovery; there is no statute of limitations and the "non-party" (who may not even know he is in the case) cannot even request a hearing. These are just some examples of the vague (and otherwise unconstitutional) aspects of O.C.G.A. § 51-12-33.

This statute defies common sense and the logic of the adversary system by adjudging the fault of unrepresented persons. Since the statute is vague, overbroad, unclear and uncertain and therefore does not pass constitutional muster, this Court should deny Defendant's attempt to apportion damages and grant Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

ii.    **THE STATUTE VIOLATES SUBSTANTIVE DUE PROCESS**

The essence of substantive due process is that the State cannot use its power to take unreasonable, arbitrary or capricious action t an individual. Statutes must be reasonably related to a permissible legislative purpose. *Hayward v. Ramick*, 248 Ga. 841, 843, 285 S.E.2d 697 (1982).  O.C.G.A. § 51-12-33 (c) (d) (1) and (2) violates substantive due process because it is not reasonably related to the needs of the state, and it irrationally punishes the Plaintiff. O.C.G.A. § 51 12-33 (c), (d) (1), and (2) serves to protect wrongdoers at the expense of society at large. It creates no enforceable judgment against nonparties on the verdict form. It permits neither contribution nor indemnity. It precludes neither claims nor issues as to any person or party. It simply diminishes the amount of dollars the wrongdoer must pay in relation to the total damage the Plaintiff should be awarded. The new law accomplishes this by allowing skilled lawyers to take potshots at persons who are necessarily defenseless - people who have no one present in court to speak for them and have no opportunity or right to conduct discovery or compel witnesses to testify on their behalf.

Furthermore, the Statute fails to accomplish its goal. It is simply irrational to believe that a defendant's "fair" share of negligence can be determined where

unrepresented persons float In and out of the evidence and arguments and then appear on the verdict form.  If held to be constitutional, it seems 51-12 -33 requires plaintiffs claiming negligence to sue everyone and settle with no one.

Section 51 12-33 <u>requires</u> triers of fact to allocate "fault" or "liability" to unrepresented parties. These features of Section 51-12-33 are arbitrary and capricious, and they have the effect of denying a fair trial. A fair trial in a fair tribunal is the basic requirement of due process. This Court should hold that Section 51-12-33 arbitrarily denies fair trial both to litigants and to the non-litigant nonparties and grant Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

### iii.    O.C.G.A. § 51-12-33 DENIES EQUAL PROTECTION AMONG CLASSES OF BOTH PLAINTIFF'S AND DEFENDANTS.

Equal protection analysis focuses on the manner in which a statute makes classifications among persons. A classification will be sustained if it is "rationally related to a legitimate state interest." *Bankers Life and Casualty Co. v. Crenshaw*, 486 U.S. 71, 81 (1988); *Ciak v. State*, 278 Ga. 27, 597 S.E.2d 392 (2004).

This test is very broad, but it is not without limitations.  The U.S. Supreme Court has repeatedly struck down laws for failing to meet this minimal equal protection standard.[2]

For example, in *Lindsey* the Court struck down appellate bonding requirements imposed on one class of litigants by state law.  *Lindsey v. Normet*, 405 U.S. 56 (1972).  The Court noted that states are not required to grant appellate review to civil litigants in the first place.  Yet, once that procedure is established, the Court said: "it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Protection Clause." *Id*. at 77.  The Court concluded that the bonding requirement "heavily burdens" the rights of the class of litigants in question, without any reasonable justification. Id. at 78-79.

Here, as in *Lindsey*, the procedures established in O.C.G.A. § 51-12-33 (c), (d) (1) and (2) arbitrarily prejudice both plaintiffs and unrepresented nonparties,

---

[2] *See;e.g., City of Cleburne v. Cleburne Living Center*,473 U.S. 432, 450 (1985) (classification "irrational"); *Hooper v. Bernalillo Count v Assessor*,472 U.S. 612, 623 (1985) (no "identifiable state interest" in the classification in question); *Zobel v. Williams*,457 U.S. 55, 65 (1982) (no valid state interests rationally served by the distinction); *O'Brien v. Skinner*,414 U.S. 524, 530 (1974) (law discriminates between classes in a "wholly arbitrary" way); *Dept. of Aqriculture v. Moreno*,413 U.S. 528, 532 (1973) ( " irrational classification")

without any reasonable basis.  405 U.S. at 77.   Several aspects of this prejudice

have been discussed above, with respect to substantive due process. Among other

matters, individuals are exposed to formal adjudications of "fault" or "liability,"

without any right to appear and be heard, or to present evidence in their favor.

Plaintiffs likewise are burdened with having to defend nonparties, to the

prejudice of their own cases. Georgia has permitted the joinder of persons needed

for justification under O.C.G.A. § 9-11-19.  O.C.G.A. § 9-11-19 enables

any party in a negligence case the power and means to assure that others thought to

be negligent can be joined in an action. However, under O.C.G.A. § 51-12-33, the

Legislature requires (by stating the trier of fact shall consider the fault of all

persons or entities) that everyone who may conceivably have been involved be

included on the verdict form, even though they are not and never have been parties

to the action (as long as the Defendant files Notice of Nonparty Fault within 120

days prior to trial).

This imposes a heavy burden on the injured party. The unfortunate Plaintiff

who finds himself embroiled in a Section 51-12-33 process must mount a defense

for the non-party, based on the minimal information he is given in the "brief

statement of the basis for believing the nonparty to be at fault" required under

Section 51-12-33(2), with as little as 120 days' notice prior to trial.

By the time Defendant serves its notice, discovery may have run, the statute of

limitations may have expired, and other important rights may no longer be

allowed.

What if a Defendant Hospital, one of say two named Defendants, alleges a

nonparty physician is at fault? According to the statute Defendant Hospital need

only file a "brief statement" regarding the basis of their belief as to this nonparty's

fault. However, in order for to add this physician to the suit, he must incur the

expense of hiring an expert to review the matter to determine if there is indeed a

breach in the standard of care and file an expert affidavit which complies with

O.C.G.A. § 9-11-9.1 regarding the physician's alleged negligence. Clearly,

Defendants' and Plaintiffs are treated differently for no apparent or rational

reason, and a Plaintiff bears a much heavier burden than does the Defendant to

bring this particular nonparty into the suit.  The burdens imposed upon the Plaintiff

by § 51-12-33 are extraordinary.

For example:

    a. Who examines the proposed jury instructions for accuracy from the standpoint of the unrepresented nonparty?
    b. Who presents the evidence from the standpoint of the unrepresented nonparty?
    c. Who objects to evidence from the standpoint of the unrepresented nonparty?
    d. Who argues the case to the jury from the standpoint of the unrepresented nonparty?
    e. Who exercises the examination from the constitutional standpoint of right of cross the unrepresented nonparty?

The answer to each of these questions is the Plaintiff. These burdens fall only upon that group of Plaintiffs in tort actions. Furthermore, the limit of the burden imposed is defined only by the imagination of the Defendant.

The onerous burden weighs even more heavily in light of the fact that the added "non-party" is not actually represented by the Plaintiff's attorney. The non-party can refuse to even speak to the Plaintiff's attorney. Consequently, the Plaintiff may be 'defending' an unwilling and uncooperative client. The non-party may also be outside the reach of the subpoena power of the court, may reside in another country or may be so vaguely identified that it is not possible to find the third party.

And what of the Defendant naming a third party who, because of immunity, can never be sued, for instance, the State of Georgia or an employer, if the Plaintiff is an employee bringing a personal injury action against a third party? No liability would ever attach to these non-parties. It is a denial of equal protection to allow the Defendant to blame a non-party who would never be liable to the Plaintiff.

Moreover, in closing arguments named Defendants are represented, they know which side they are on and who has the burden of proving a prima facie case against them. The nonparty accused of negligence under Section 51-12-33 does not. Indeed, no one knows where the burden of proof lies in this situation.

Further problems involve:

1. Unrepresented persons are subject to having their negligence adjudicated and publicized to the world. Such persons have no right to appear, conduct discovery, offer testimony, appeal or have an attorney argue on their behalf. They may have no notice of the proceedings. A negligence or fault adjudication, when publicized, can have a catastrophic impact on such people's reputations. The "non-party" is unwittingly subject to legal declarations that he committed acts constituting homicide, rape or other criminal conduct.

2. Defendants are encouraged to conceal the existence of joint tortfeasors from Plaintiffs. Defendants can wait to reveal such persons 120 days before trial, after joinder deadlines have passed and statutes of limitation have run, and still compel the placement of such persons on the special verdict form.

All Georgians who suffer injury or death due to the negligence of others are entitled to receive the same evenhanded treatment. Our statutes must assure that burdens are imposed equally upon every person within the class. O.C.G.A. § 51-12-33 (c) (d) (1) and (2) fails this basic equal protection test. Worst of all, the statute patently requires that these vague and irregular proceedings occur without any attempt either to notify the nonparty who is the focus of the accusations or provide that nonparty a chance to be heard.

Furthermore, O.C.G.A. § 51-12-33(c) states "in assessing fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, <u>regardless of whether the person or entity was, or could have been named as a party to the suit</u>." O.C.G.A. § 51-12-33(c). (*Emphasis added*). This mandatory requirement could go on ad infinitum. The statute provides no standard of proof or procedural process that would prevent neighbors, investigating authorities, untold numbers of persons who were friends with the defendant, and other randomly selected persons or entities from ending up on the verdict form so the jury can apportion fault or liability.

As stated in *Lindsey* supra, "[procedural benefits] cannot be granted to some litigants and capriciously or arbitrarily deny to others without violating the Equal

Protection Clause." *Lindsey*, 405 U.S. at 77.   O.C.G.A. 51-12-33 arbitrarily results in such denials. It classifies persons (including both Plaintiffs and unrepresented nonparties) in ways not rationally related to any legitimate state interest. This Court, accordingly should hold that O.C.G.A. 51-12-33(c), (d) (1) and (2) is invalid, based upon equal protection grounds and this Court should deny Defendant's attempt to apportion damages and grant Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment Against Non-Party.

## III.    <u>CONCLUSION</u>

For the foregoing arguments and law, Plaintiff respectfully requests this Court to grant her Motion, sustain her objection to apportionment of damages and deny Defendant the ability to apportion Damages to the non-party Charles Lawhorne.

Respectfully submitted this 2nd day of July, 2009.

Respectfully Submitted,

**FREEDMAN & SINOWSKI**,
A PROFESSIONAL CORPORATION

*/s/ Thomas C. Sinowski*
**Thomas C. Sinowski**
Georgia Bar No. 649126

*/s/ Scott S. Cohen*
**Scott S. Cohen**
Georgia Bar No. 888269

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that July 2nd, 2009, I electronically filed the foregoing Brief in Support of Plaintiff's Motion to Overrule Defendant's Notice of Intent to Seek Apportionment with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

George E. Duncan, Esq.
Duncan & Adair, P.C.
7000 Central Parkway, Suite 220
Atlanta, Georgia 30328

Respectfully submitted,

**FREEDMAN & SINOWSKI,
A Professional Corporation**

*/s/  Scott S. Cohen*
**Scott S. Cohen**
Georgia Bar No.: 888269