IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA BUFFORD, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:08-CV-3324-TCB |
| | * | |
| TGM ASHLEY LAKES, INC., doing business as TGM Associates, L.P., | * * * | |
| Defendant. | * | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RESPONSES TO INITIAL DISCLOSURES AND MOTION FOR SANCTIONS**

COMES NOW, Plaintiff herein, and files her Objections to Defendant's Responses to Initial Disclosures and Motion for Sanctions based on failure to disclose timely. The grounds for these Objections and this Motion are not only supported by law, but by the facts of this case. Plaintiff respectfully shows this Honorable Court as follows:

**STATEMENT OF FACTS**

This case arises out of incident on December 1, 2006, when the Plaintiff was injured due to the collapsing of stairs on the Defendant's property. On the same

1

day, Anthony Gonzalez, a maintenance worker at the property spoke with the Plaintiff where she reported falling through the stairs.

On October 27, 2008 Plaintiff filed her Complaint for Damages against the Defendant and on November 18, 2008 Defendant filed its Answer to Plaintiff's Complaint. On December 29, 2008, Plaintiff and Defendant submitted the Joint Preliminary Plan. *Please see Joint Preliminary Report and Discovery Plan Attached Hereto As Exhibit A.* Defendant did not name any necessary or additional parties. On January 19, 2009, more than three (3) months after Plaintiff's first propounded discovery, Defendant responded to Plaintiff's requests. In Defendant's discovery responses, it included a written report by Mr. Lawhorne about the stairs in question with no further explanation. It was on June 9, 2009, Defendant's Attorney attempted to name Mr. Lawhorne as an expert witness after the discovery period had closed. *Please see Letter from Defendant's Attorney to Plaintiff's Attorney on June 9, 2009, Attached Hereto As Exhibit B.* Yet on June 19, 2009, Defendant instead submitted the Notice of Apportionment of Non-party Charles Lawhorne. [See Doc. No. 50]. On July 7, 2009, Defendant filed its First Supplemental Responses to Initial Disclosures, in which it identified copies of potentially applicable insurance policies, amounting approximately twenty-five

(25) million dollars. [See Doc. No. 55]. Not until July 21, 2009, did Defendant file for the first time its Initial Disclosures. [See Doc. No. 61].

## ARGUMENT

This Court should deny the Defendant's admission of evidence untimely disclosed in its Initial Disclosures filed some two-hundred (200) days after it was due and fifty-one (51) days after the close of Discovery as the Defendant has failed to identify before the close of discovery new parties, new eye witnesses to the scene and documents pertinent to the case at issue. According to LR 26.1, ND Ga., the parties to civil actions shall make the initial disclosures required by Fed.R.Civ.P. 26(a)(1) at or within thirty (30) days after the appearance of a Defendant by answer or motion and the failure to identify information as required by Rule 26(a) bars a party from offering the undisclosed information "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *LR 26.1, ND Ga.; Fed.R.Civ.P. 26(a)(1);Fed.R.Civ.P. 37(c)(1).*

1.  **The Defendant Has No Reasonable Excuse For Its Delay**

    The Defendant's Initial Disclosures were due on or about December 18, 2008. It wasn't until July 21, 2009 **more than 200 days after the required time**

**to file Initial Disclosures the Defendant filed its mandatory Initial Disclosures as required by law**. *LR 26.1, ND Ga.; Fed.R.Civ.P. 26(a)(1).*  The Defendant has provided no reasonable excuse as to why it waited more than fifty-one (51) days after the close of discovery and over two-hundred (200) days after the required time period to file its Initial Disclosures to identify and produce or make available for review the information contained therein.  The Defendant cannot claim that its late disclosure was the result of an unexpected discovery, as the discovery requests propounded to the defense is the same discovery requests at issue since the Plaintiff filed her Complaint in October 2008.

To allow the Defendant to benefit from its actions of untimely disclosure is to allow the Defendant to conduct a trial by ambush.  It has long been held that the purpose of Initial Disclosures in federal court are to eliminate the potential of trial by ambush and that a party's failure to timely file Initial Disclosures have been held a waiver of a right to bring non-disclosed information to trial. *Fed.R.Civ.P. 26(a)(1); Fed.R.Civ.P. 37(c)(1); De Leon-Granados v. Eller & Sons Trees, Inc.,* 581 F. Supp. 1295, 1313 (N.D.Ga. 2008); *Cooper v. Southern Co.,* 213 F.R.D. 683, 687 (N.D.Ga 2003).

**2.      The Plaintiff Is Prejudiced By Defendant's Untimely Disclosure**

The Defendant's untimely disclosure of evidence has prejudiced the Plaintiff such that the Defendant should be prevented from relying on this late produced evidence to Plaintiff's detriment. The following includes information that the Defendant has just now disclosed to the Plaintiff, more than 50 days after the close of discovery and over two-hundred (200) days after the time to file its Initial Disclosures:

   **a.      Charles Lawhorne**

The Plaintiff has been prejudiced by Defendant's untimely filed Initial Disclosures riddled with information disclosed after the close of discovery. For example, Plaintiff requested information about the identity of any potential witness to the stairs falling. It wasn't until June 9, 2009, some ten (10) days after the close of discovery, that the Defendant had disclosed the fact that Charles Lawhorne was a potential witness to the condition of the stairs prior to Plaintiff's fall[1]. (*Please See Letter Dated June 9, 2009, Attached Hereto As Exhibit A*). Despite Mr. Duncan's continued insistence that he has been unable to contact Mr. Lawhorne or provide contact information, he magically was able to convince Mr. Lawhorne to

---

[1] Prior to this time, Defendant disclosed only that Mr. Lawhorne repaired the stairs at issue after Plaintiff's fall but did not disclose that Mr. Lawhorne had inspected the stairs prior to Plaintiff's fall.

come to his office two (2) days after his June 9, 2009 letter and issue an affidavit [See Affidavit Doc. No. 62, Exhibit B].  Now Defendant, for the first time in his Initial Disclosures, has identified contact information for Mr. Lawhorne.  Prior to Defendant's recently filed Initial Disclosures, not once did Defendant identify what knowledge Mr. Lawhorne had to offer regarding this case, since Plaintiff's first propounded discovery requests eighteen (18) months prior. Notwithstanding Defendant's intention to name Mr. Lawhorne as a potential witness, expert or otherwise, to identify the condition of the stairs prior to Plaintiff's fall, it decided to wait until the close of discovery to disclose such information and over two-hundred (200) days after the time to file Initial Disclosures to reveal contact information for Mr. Lawhorne.  Clearly the Defendant is conducting a trial by ambush.

    **b.     Work Orders**

Furthermore, the Defendant is attempting to disclose documents that were identified after the close of discovery in its untimely filed Initial Disclosures.  For example, Defendant identified a listing of work orders on the property that he did not disclose until the last day of discovery as responsive to Plaintiff's request for all [tenant] work orders on the property.  To date, the Plaintiff has not received

work orders.  What the Plaintiff received is a summary of tenant complaints and a summary of actions and performance.  Defendant still has failed to provide the requested documents and Plaintiff's have yet to receive the requested work orders.

### c.    Photographs

Likewise, the Defendant disclosed photographs in its untimely filed Initial Disclosures made near the scene following the accident that were not disclosed until after the discovery period closed but before the Court extended the discovery period.  The Defendant has already prejudiced the Plaintiff by the untimely disclosure of these photographs as by that time, Plaintiff had hired an expert to investigate and make conclusions about the property.  Furthermore, the Plaintiff had previously requested for the production of photographs in Plaintiff's First Request for Production of Documents propounded to the Defendant over eighteen (18) months prior.  Clearly, not only would the photographs have been the best evidence available to investigate and make conclusions about the property, but also, the Defendant failed to disclose additional photographs in response to Plaintiff's discovery request(s).  Given these untimely disclosures it should be evident that the Defendant has prejudiced Plaintiff in attempting to conduct a trial by ambush.

### d. Other Responsible and/or Liable Parties

Additionally, Defendant in his untimely Initial Disclosures has identified that some other person or entity may be liable or responsible for the conditions of the stairs at the time in issue.  Initial Disclosures are intended to guide parties on how to conduct their investigation of their cases as well as to avoid the pitfalls of unnecessary and expensive discovery.  The last question in the pattern Initial Disclosure requires the Defendant to identify person(s) who are responsible to the Plaintiff so as to avoid an incomplete judgment and promote judicial economy. Defendant knew that Mr. Lawhorne had investigated the stairs prior to the Plaintiff's fall, yet failed to disclose this information during discovery nor did the Defendant name additional parties in the Joint Preliminary Report and Discovery Plan submitted on January 5, 2009. *Please see Joint Preliminary Report and Discovery Plan Attached Hereto As Exhibit A.*   Moreover, on June 19, 2009, Defendant filed its Notice of Apportionment of Non-Party Charles Lawhorne. [See Doc. No. 50]. Now, on July 21, 2009 Defendant wishes to identify this person as having some culpability after the close of discovery and some two-hundred (200) days after the time such disclosures should have been filed without even describing in detail, as asked in the question, for the basis of such liability. Undoubtedly, the

Plaintiff has been prejudiced untimely disclosure and now the Defendant wishes to benefit from its malfeasance.

  e. **Additional Applicable Insurance**

Finally, the Defendant's disingenuous conduct during the entire discovery process of this case was made plainly evident, when on July 7, 2009 the Defendant filed its "First Supplemental Responses to Initial Disclosures" [See Doc. No. 55]. In Defendant's "First Supplemental Responses to Initial Disclosures," it was for the first time in more than eighteen (18) months of this case Defendant disclosed to Plaintiff of further potentially applicable insurance agreements, totaling approximately twenty-five (25) million dollars of additional coverage to the one (1) million dollar insurance policy Plaintiff has deceptively been operating under since her January 18, 2008 Title 33 Demand Letter to Defendant. *Please See Title 33 Demand Letter Attached Hereto As Exhibit C.* Only now, far past the close of discovery and eighteen (18) months after Plaintiff's January 18, 2008 Title 33 Demand Letter and in violation of Title 33 disclosures rules, Defendant reveals this information in a supplemental response to Defendant's Initial Disclosures which had not ever been filed with the Court until July 21, 2009. The Plaintiff has clearly been prejudiced by Defendant's failure to disclose this information. Not only has

the Plaintiff been operating under grossly incomplete and inadequate insurance disclosures but is evident in Plaintiff's June 3, 2009 written demand to the Defendant for Policy Limits of $1,000,000. *Please See Policy Limits Demand Letter Attached Hereto As Exhibit D.* The Defendant's consistent failure to abide by the governing federal discovery rules has not only severely prejudiced the Plaintiff but is also egregious attorney conduct. As such, the Defendant should not bestowed the benefit of his disingenuous conduct to the Plaintiff's disadvantage.

### 3.   **Conclusion**

Because the Defendant has for more than eighteen (18) months consistently failed to disclose pertinent and relevant discoverable information, including identifying responsible parties, eyewitnesses to the scene, and documents, this Court should deny the Defendant's ability to admit untimely disclosed evidence and to allow the Defendant to benefit from its malfeasance. As such Plaintiff respectfully requests that this Court strike Defendant's Initial Disclosures and sanction the Defendant from using the untimely identified evidence at trial. In the alternative, the Plaintiff respectfully requests that this Court allow Plaintiff to open up discovery for an additional ninety (90) days to permit examination under oath of

these new witnesses and/or parties, and to file appropriate motions at the close of said period, if necessary.

Respectfully submitted this 23rd day of July, 2009.

          Respectfully Submitted,

          **FREEDMAN & SINOWSKI**,
          A PROFESSIONAL CORPORATION

          */s/ Thomas C. Sinowski*
          **Thomas C. Sinowski**
          Georgia Bar No. 649126

          */s/ Scott S. Cohen*
          **Scott S. Cohen**
          Georgia Bar No. 888269

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2009, I electronically filed the foregoing Plaintiff's Objection to Defendant's Responses to Initial Disclosures with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

George E. Duncan, Esq.
Duncan & Adair, P.C.
*duncan@duncanadair.com*

    Respectfully submitted,

    **FREEDMAN & SINOWSKI,**
    **A Professional Corporation**

    */s/ Scott S. Cohen*
    **Scott S. Cohen**
    Georgia Bar No.: 888269