IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA BUFFORD, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:08-CV-3324-TCB |
| | * | |
| TGM ASHLEY LAKES, INC., doing | * | |
| Business as TGM Associates, L.P., | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF LARRY THOMPSON

This case stems from a collapse of a stairway at the Ashley Lakes Apartments on December 1, 2006 from which collapsed and Plaintiff claims injury. Defendant contends that the stairway collapsed because of latent defects. Plaintiff has now submitted an affidavit of Larry Thompson contending that Defendant had the obligation to puncture the wood with a screwdriver or other probe to test for concealed wood rot.

Mr. Thompson was disclosed by the Plaintiff as an expert witness testifying on the subject of the accident. The substance of his testimony as disclosed in interrogatory answers is attached hereto as Exhibit "A." Nowhere does Mr. Thompson speak to the issue of any obligation on the Defendant to do probe testing to check for latent wood rot.

Mr. Thompson authored a report, a copy of which is attached hereto as Exhibit "B." Again, nowhere does it speak to the claimed obligation of management of apartments to do this type testing. Finally, Mr. Thompson was deposed on May 5, 2009, a copy of which is attached hereto as Exhibit "C." Again, Mr. Thompson expressed no opinions dealing with what he now claims to be the obligations of the Defendant.

At page 60 of his deposition, Mr. Thompson testified as follows:

Q: Let me go backward on that; lack of regular maintenance, what type of maintenance does any code or published standard require of steps or decks like this?

A. I don't know that there is a code requirement as far as maintenance. I think that would be more of a common sense issue when you have people traveling on steps.

Q. What type maintenance do you think should be done on steps like this?

A. Well, if I seen rusted nails, I would probably pull them out and put something in that wasn't going to rust. Rust causes the nail to break. If I had loose side rails or hand rails, I would want them tightened up. There is all – apartment maintenance guys are accustomed to those type things. Loose door knobs, they tighten them up; loose handrails, they tighten them up.

Q. Let me be specific and talk about stairs and not door knobs. You said if you see rusted nails or loose side boards or hand rails, the situation should be addressed, if that correct?

A. Yes sir.

Q. Is there anything else in the way of maintenance other than promptly repairing observed conditions that you think an apartment owner should do?

A. Wood preservatives and/or paint to keep it from rotting.

Q. Anything else?

A. No. Repair as necessary.

Mr. Thompson mentioned nothing about probe testing, and in fact testified that other than removing rusted nails, treating wood, and making repairs, there was nothing else apartment owners should do.

At page 64 of his deposition, he was asked "have we discussed today all of the opinions you entertain in this case? Answer: Yes sir".

## ARGUMENT AND CITATION OF AUTHORITY

**I. Because the opinions of the expert have not been properly disclosed, they should not be considered on the motion for summary judgment. FRCP 56 specifically requires that evidence on a motion for summary judgment be such evidence as would be admissible upon the trial of the case. Undisclosed expert**

**opinions are not admissible at trial and should not be considered on a motion for summary judgment.**

Rule 26(a)(2) provides:

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii) the data or other information considered by the witness in forming them;

    (iii) any exhibits that will be used to summarize or support them;

    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case…

(D) The parties must supplement these disclosures when required under Rule 26(e).

In applying this rule, this Court has established that because Rule 26 requires "a complete statement of all opinions to be expressed and the basis and reasons therefore," when expert opinions are "not disclosed in the Rule 26 expert report, **they shall be excluded**." *Reynolds v. General Motors Corp.*, 2007 WL 29908564, 5 (N.D.Ga.). Similarly, in *Copeland v. CVS Pharmacy, Inc.*, 2006 WL 2699045 (N.D.Ga), this Court refused to consider an expert affidavit offered in support of a motion for summary judgment because it contained "new expert analysis far outside the discovery period [that] was not previously disclosed." *Id*. at 11.

The rationale for this rule was discussed in *Cooper v. Southern Company*, 390 F. 3d 695 (2004), where the Court reasoned:

> Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise [*cits. omitted*], compliance with the requirements of Rule 26 is not merely aspirational."

It has been Plaintiff's contention from the beginning of the case that the stairs were rotten. In fact, Plaintiff's counsel conducted a direct examination of his own expert and dealt with the issue of wood rot (Exhibit C, p. 69). Pretermiting the issue of whether Mr. Thompson has qualifications to opine on a standard of care for apartment management (which issue will be addressed in Defendant's *Daubert* motion) the court should strike Mr. Thompson's new affidavit because it presents opinions not previously disclosed in interrogatory answers, the witnesses report, or in his deposition. The Plaintiff, raising for the first time in response to a motion for summary judgment, claims that the Defendant had some duty to do probe testing is untimely and should be rejected by this court.

**II.    Because Larry Thompson's Affidavit is new evidence, offered for the first time in Plaintiff's *Reply* to Defendant's Response to Her Motion for Summary Judgment, it should not be considered in support of her motion.**

"It is well accepted that raising of new issues and submission of new facts in reply brief is improper." *Fisher v. Ciba Specialty Chemicals Corp.* 238 F.R.D. 273, 311 (S.D.Ala.,2006); recognized by *Hegre v. Alberto-Culver USA, Inc.* 508 F.Supp.2d 1320, 1327 (S.D.Ga.,2007). Rather, the facts to be considered in support of a motion for summary judgment must be offered and supported in the motion itself. Local Rule 56.1(B)(1) requires:

A movant for summary judgment shall include with the motion and brief a

separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact. The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number)… or (d) set out only in the brief and not in the movant's statement of undisputed facts

Plaintiff has offered the affidavit of Larry Thompson for the first time in support of her reply brief. In fact the affidavit was created on September 2, 2009, more than a month after Plaintiff filed her motion for summary judgment. As such, the matters contained in this affidavit are not properly before the Court and the affidavit should be stricken.

At a minimum, it would be appropriate for Defendant to be given leave to file a surreply, in that it has had no opportunity to address the facts and arguments raised for the first time in the Plaintiff/Movant's reply brief. See *Cooper v. Southern Co.*, 213 F.R.D. 683, 688 (N.D.Ga., 2003) The Eleventh Circuit has recognized that "a valid reason for such additional briefing exists…where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed.Appx. 777, 788, 2008 WL 4996848, 9 (C.A.11 Fla. 2008), citing *Fedrick v. Mercedes-Benz USA, LLC,* 366 F.Supp.2d 1190, 1197 (N.D.Ga.2005).

## **CONCLUSION**

Because Plaintiff has submitted the affidavit of Larry Thompson and offered the opinion that Defendant should have core tested its stairways for the first time in her reply brief, these arguments and facts should be stricken.

Respectfully submitted this 11th day of September, 2009.

DUNCAN & ADAIR, P.C.

By: */s/ George E. Duncan, Jr.*
George E. Duncan, Jr.
State Bar No. 233450

7000 Central Parkway, Suite 220
Atlanta, Georgia 30328
(770) 698-4560

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA BUFFORD, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:08-CV-3324-TCB |
| | * | |
| TGM ASHLEY LAKES, INC., doing Business as TGM Associates, L.P., | * * | |
| | * | |
| Defendant. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I electronically filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF LARRY THOMPSON**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Thomas C. Sinowski, Esq.
Scott S. Cohen, Esq.
Freedman & Sinowski P.C.
P. O. Box 93887
Atlanta, GA 30377

SO CERTIFIED this 11th day of September, 2009.

DUNCAN & ADAIR
*/s/ George E. Duncan, Jr.*
George E. Duncan, Jr.
State Bar No. 233450
7000 Central Parkway, Suite 220
Atlanta, Georgia 30328
Telephone: (770) 698-4560
Email: duncan@duncanadair.com

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and thus satisfies the font size requirements of this Court.

Dated:      September 11, 2009

By:   */s/ George E. Duncan, Jr.*
George E. Duncan, Jr.
State Bar No. 233450