IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA BUFFORD,            *

                                 *

      Plaintiff,              *     CIVIL ACTION FILE

                                 *

vs.                         *     NO. 1:08-CV-3324-TCB

                               *

TGM ASHLEY LAKES, INC., doing *

Business as TGM Associates, L.P.,   *

                               *

      Defendant.          *

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Without adjusting her arguments to the issues presented in this case, Plaintiff did little more than to add this case's caption to a "form book" motion specific to state rather than federal law. The form that Plaintiff copied, in most instances verbatim, is available on the internet:

http://ageorgialawyer.blogspot.com/2006/07/motion-in-limine-redux.html

Plaintiff seeks a preemptive ruling by the court on a variety of matters, forcing the Court and the Defendant to research and respond to each item whether they are reasonably anticipated to be issues in this case are not.

"The purpose a motion in limine is not to obtain a court order directing the parties to present their case in a manner consistent with the Federal Rules of Evidence and other well understood pertinent principals of law." Creative Dimensions Management Inc. v. Thomas Group, Inc., 1999 WL 225891 (E.D. Pa. 1999) (*emphasis added*).  As

warned against in the <u>Creative Dimensions</u> case, the Plaintiff herein "…appears to have anticipated every conceivable thing that might happen at trial and then to seek an advance ruling on it." <u>Id</u>.

The purpose of a motion in limine is to "narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions. <u>Emcore Corp. v. Optimum Corp.</u>, 2009 WL 2461144 (E.D. NY 2009); *see also* <u>Bradley v. Pittsburg Bd. of Ed.</u>, 913 F. 2$^{d}$ 1064 (3rd Cir. 1990). It is axiomatic that evidence should be excluded on motion in limine only when the evidence is clearly inadmissible on all potential grounds. Further, courts considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context. <u>Castro v. City of New York</u>, 2009 WL 2461144 (E.D. NY 2009).

The court should assess whether more time would be saved at the trial of the case by having a party object to proffered evidence based upon the fact that it violates an order in limine (followed by the parties arguing over the scope of the order in limine) or whether time would be served by having the parties simply object to inadmissible evidence.

Very little of what Plaintiff raises can be considered matters irrelevant and inadmissible under any state of facts, and for the most part, Defendant urges the court not to issue a blanket order *in limine* as to the vague and general categories suggested by Plaintiff. Rather, Defendants would ask the Court to assess matters of direct evidentiary concern of this case if and when they arise, allowing the parties to try the

case ethically and professionally rather than setting up a series rulings and prohibitions that would do little more than prompt ongoing arguments as to the intended scope of the order in limine.

As to specific matters, Defendant responds as follows:

**1. Collateral Source Payment and Benefits.** Defendants generally would agree that the Collateral Source Rule does operate to prevent the parties from commenting on benefits or lack of benefits to which a plaintiff may be entitled from other sources in connection with the injuries sustained in this accident unless Plaintiff were to open the door to the issue. However, this rule should not be interpreted so broadly as to prevent parties from inquiring into whether future medical charges will be necessary, whether they are speculative and whether they will actually be incurred.

2.    **Financial status of attorney or medical provider.** First, it must be noted that all of Plaintiff's argument is supported by citations to the Georgia Rules of Evidence, which have no applicability in this case.  As to the substance of Plaintiff's argument, while Defendant has no intention of commenting on the wealth of parties in order to alienate the jury from those parties, Defendant should not be prohibited from discussing the amount of the charges made by Plaintiff's healthcare providers. In this case, it is Defendant's contention that the charges made by certain providers were well in excess of customary charges for the same services, and this case presents a legitimate issue as to whether those charges were reasonable and necessary.  "The law requires proof that the medical expenses arose from the injury sustained, and that they

are reasonable and necessary before they are recoverable." <u>Barnes v. Cornett</u>, 134 Ga.App. 120, 120-121, 213 S.E.2d 703, 705 (Ga.App. 1975), *citing* <u>Taylor v. Associated Cab Co.</u>, 110 Ga.App. 616(2), 139 S.E.2d 519. Certainly, any exorbitant cost should be subject to this scrutiny and Defendant should be able to cross-examine the Plaintiff's physicians on whether their charges were reasonable and necessary.

**3. Tort Reform.** Defendant would not expect to venture into the minefield of politics in trying this case, but certainly discussions pertaining to windfall judgments, which have bearing on fairness and moderation, are relevant to the jury's consideration of damages. Georgia law has long disfavored the awarding of a windfall, and there is no reason why the jury cannot be asked to do the same. *See generally*, <u>Kirschner and Venker v. Tayler and Martino</u>, 277 Ga.App. 512, 627 S.E.2d 112 (2006); *see also* <u>Rafferzerder v. Zellner</u>, 272 Ga.App. 728, 613 S.E. 229 (2005); *see also* <u>Whiten v. Murray</u>, 267 Ga.App. 417, 599 S.E.2d 346 (2004).

If Plaintiff were to assert some argument for damages in excess of what it would actually take to compensate her for her injuries, certainly Defendants should be entitled to point out that her overstatement of the value of the case is distasteful and unjust, and to make any analogy necessary to illustrate that argument to the jury. Further, Plaintiff's motion in limine, supported by citations to the <u>Georgia</u> Rules of Evidence, is so vague and overreaching that the parties would have difficulty in parsing out, in advance of trial, specifically which topics would be permissible and which questions would put them in violation of a court order. Compliance with any

order granting this motion would be virtually impossible as Defendants have no way of ascertaining the line of questioning Plaintiff seeks to preclude.

**4. Unrelated Claims.** Again, Plaintiff's "form book" motion and its citations to state law are not addressed to the facts of the case *sub judice*. Here, the Plaintiff has stated in discovery that she does not have any unrelated claims. Either Plaintiff does not have prior claims, in which case Defendant would have no cause to mention them, or she does, in which case she is subject to impeachment for failing to disclose them in discovery. If she failed to disclose claime, demonstrating to a jury that she has a history of filing lawsuits or claims is a long established and widely used strategy to cast doubt on Plaintiff's motivation and the true extent and cause of her injuries. While Defendants presently have no intention of employing such an argument because they believe Plaintiff's representation that she has never made any prior claims, there is no basis for arbitrarily excluding an argument if it were grounded in the facts.

**5. Financial Consequences of Judgment against Defendant.** Defendant does not dispute the notion that all parties are equal in the eyes of the law and that their relative wealth is irrelevant. As this is not a case that involves punitive damages, Defendant's resources will not be at issue. However, this principal must apply equally to both parties, and Plaintiff also should not be permitted to insinuate that she is "the little man" up against a corporation with vast resources.

**6.     Payment of Judgment.** Again Plaintiff has forced the Court to consider, and the defense to respond to, a boilerplate argument without even reviewing it to

determine whether it is conformed to the facts. It is not. This case does not involve an automobile accident. There is no defendant driver. There is no individual defendant whose judgment would be covered by his employer. The only defendant is the corporation.

Plaintiff's argument, though, suggests that Plaintiff may take the position that the fact that the Defendant may be insured against liability is relevant. In fact, "in an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial." McKin v. Gilbert, 208 Ga.App. 788(1), 432 S.E.2d 233 (1993); Thomas v. Newnan Hosp., 185 Ga.App. 764(1), 365 S.E.2d 859 (1988). To the extent that Plaintiff has manifested an intent to inject this impermissible information into the trial of this case, Defendant would vigorously object.

7.     **Plaintiff's Use of Award.**   Defendant is not entirely certain what type of testimony Plaintiff seeks to exclude. Plaintiff cites Gucky v. Candler General Hospital, 192 Ga. App. 521 (1989), which has a very limited holding: that a defendant was not allowed to tell the jury how the Plaintiff might be able to invest the proceeds of a settlement she obtained for a former co-defendant to insure or finance future benefits under an annuity. Defendant would not object to that very limited holding.

However, Plaintiff's motion is exceedingly vague, supported by the *Georgia* Rules of Evidence, and the term "use of award" could apply to a myriad of issues. For example, if she intends to seek an award for future medical treatment, whether she

actually will use that money to obtain that treatment is completely relevant, as it bears on whether the damage has actually been incurred and is reasonably necessary.  If the jury does not find that Plaintiff actually will sustain the damage, such as by quitting work or incurring future medical treatment, they cannot make the damages award. To the extent that Plaintiff's motion goes beyond the <u>Gucky</u> holding, Defendant objects in that any ruling on the motion would raise more questions than answers, and that it is a question best argued if and when presented at trial.

**8. Money Will Not Undo Damage.** Defendant does not dispute that damages must be awarded according to the legal standard, and that any appeal to the jury to award damages based on some other consideration would be improper. While Plaintiff has provided legal support for her specific contention, Defendant would not object to both parties being bound to limiting their argument to the legal measure of damages, as set out in O.C.G.A. § 51-12-4 and § 9-10-184, and case law interpreting the same.

Naturally, Plaintiff too must be prohibited from making unfair statements to gain sympathy, such as discussing the negligent conduct of this defendant who has already conceded liability in order to incite the jury to consider and build into its compensatory aware some measure of unwarranted punitive measures. <u>Central of Georgia R. Co. v. Swindle</u>, 260 Ga. 685, 687, 398 S.E.2d 365, 367 (Ga.,1990). O.C.G.A. § 9-10-184 provides, "in the trial of a civil action for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury; provided, however, that any such argument shall conform to the evidence or

reasonable deductions from the evidence in the case." Inherent in this provision is the notion that the parties should tie their arguments to the facts of the case and the issues at bar. If both parties are equally bound to limit their arguments to the legal measure of damages and the prohibited conduct is more precisely defined, Defendant would not object.

However, Plaintiff's motion as written is ambiguous, and any restraints imposed on the parties, if not clearly delineated, could cause the parties to unknowingly violate the Court's ruling. It is more efficient at trial for the parties to object if improper evidence is tendered rather than to have argument on the motions in limine, then argument again at trial concerning whether a question violates the order in limine, what the order's scope is, and whether the order should be revisited based on a particular piece of evidence. Without clarification as to precisely what arguments Plaintiff contends are improper, Defendant is not in a position to make a blanket concession as to this section of Plaintiff's motion and that judicial economy is best served by denying this motion.

**9. Apology by Defendant** This is yet another request by Plaintiff that is subject to multiple interpretations, fraught with opportunities for misunderstandings and supported by citations to state evidentiary law. The Defendant has been absolutely clear that it assumes responsibility for the accident. The jury should be encouraged to do what is fair and the only substantive disagreement in this case is over what amount of compensation is just. None of the Georgia law cited by Plaintiff even remotely

bears on the issues she urges, and there is no reason that Defendant should not be able to argue the position that it agrees that Plaintiff is entitled to some compensation, and just seeks a result that is fair to both sides.

**10. Taxation of Recovery.** Defendant agrees that the issue of whether Plaintiff will be taxed on her recovery is not relevant.

**11. Employment of Counsel/Fees.** Plaintiff cites the Georgia statute recognizing the attorney-client privilege as her basis for asserting that mention of the time and circumstances under which her attorneys were employed is impermissible. This statute states nothing of the sort. Attorney client privilege extends only to what is said between an attorney and his client, and not to the fact that the relationship exists. Goddard v. U.S., 131 F.2d 220, 221 (C.A.5 1942); *see also* Parrott v. State, 206 Ga.App. 829, 836, 427 S.E.2d 276, 282 (Ga.App.,1992); *see also* Bryant v. State, 282 Ga. 631, 651 S.E.2d 718 (Ga.,2007). It is well-settled that "the statute providing for the attorney-client privilege is to be construed narrowly." U.S. v. Wells, 929 F.Supp. 423 (S.D.Ga.,1996); *see also* U.S. v. Moody, 763 F.Supp. 589 (M.D.Ga.,1991).

Contrary to Plaintiff's assertion, "the nature of the contract between an attorney and a proposing client and the amount of compensation are ***not privileged***, since the relation of attorney and client does not exist until the contract of employment has been made." Bank of Lumpkin v. Farmers' State Bank, 132 S.E. 221 (Ga. 1926)(*emphasis supplied*). In fact, "an attorney employed in a cause, may, when it is relevant, be examined as to the amount of his fee, and the terms on which it is to be paid."

Smithwick v. Evans, 1858 WL 2233, 1 (Ga. 1858); *see also* O'Neal v. U.S., 258 F.3d 1265, 1276 (C.A.11 (Ala.),2001), (holding, "indeed it is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged."); *see also* U.S. v. Ellis, 90 F.3d 447, 450 (C.A.11 (Fla.),1996).  As such, the time and circumstances under which Plaintiff employed her counsel, rather than the communications between Plaintiff and her counsel, is not afforded any privilege.

That established, there are a number of issues upon which this employment relationship has bearing. First, the jury should be qualified as to whether they have heard of the Plaintiff's law firm through television advertising or otherwise.  If a juror has formed an opinion regarding Plaintiff's counsel outside of the courtroom, Defendant is entitled to inquire concerning the basis and extent of that opinion. Also, the timing of Plaintiff hiring her lawyer in connection with the timing of her medical treatment can be quite relevant. If, for example, a plaintiff has minimal medical treatment, then hires a lawyer, then undergoes extensive evaluations and treatment, there is a suggestion that the treatment was driven by the litigation rather than medical necessity. Similarly, to the extent that lawyers may have referred the Plaintiff to physicians or that physicians may have referred the Plaintiff to lawyers, the credibility of the witness and the necessity of the treatment at issue may be called into question. All of these topics are valid bases for cross-examination and for comment at trial, and the statute cited by Plaintiff

**12.Failure to Call Equally Available Witnesses.** Plaintiff fails to identify those witnesses whom she contends are equally available, and had not cited any case law that supports her proposition. The Defendants having admitted liability, this is a case that will be tried entirely on the issue of damages, and other than Plaintiff herself and perhaps some friends or family, it is expected that all of the relevant witnesses would be healthcare providers, over whom she certainly has control.

Although generally no legal presumption arises from failure to call an equally available witness, certainly this is a matter that can be argued to the jury for consideration as it weighs evidence. In this case, it is Plaintiff who bears the burden of proof and she alone is responsible for proving her case. Defendant should be permitted to argue to the jury that Plaintiff failed to meet her burden of proof by producing witnesses who were available to her and had relevant information, and that she made the decision as to which evidence to present. First, Georgia law is not as Plaintiff represents. In <u>Morgan v. State,</u> 267 Ga. 203, 205, 476 S.E.2d 747, 750 (Ga.,1996), the Supreme Court of Georgia interpreted the statute cited by Plaintiff, O.C.G.A. § 24-4-22, and held:

> While no *legal presumption* may arise from the failure to introduce certain witnesses, i**t is proper for opposing counsel to draw an inference of fact from such failure and comment on the failure to the jury** when there is competent evidence before the jury that the missing witness has knowledge of material and relevant facts… It is customary to permit attorneys to comment upon the absence of witnesses, or their non-production, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such arguments… [t]he absence of a witness who is competent and cognizant of

material and relevant facts is a proper subject of comment in the argument of [defense] counsel before the jury.

In <u>Georgia Southern & F. Ry. Co. v. Perry</u>, 326 F.2d 921 **(C.A.Fla. 1964),** the old Fifth Circuit quoted <u>McCormick on Evidence</u>, finding:

> It is generally agreed that when a potential witness is available, and appears to have special information relevant to the case, so that his testimony would not merely be cumulative, and where his relationship with one of the parties is such that the witness would ordinarily be expected to favor him, then if such party does not produce his testimony, the inference arises that it would have been unfavorable.

In a later case, <u>Jones v. Otis Elevator Co.</u>, 861 F.2d 655, 659 (C.A.11 (Ga.),1988), the 11th Circuit discussed that the expanding policy permitting an inference against a party who fails to produce a witness, and expounded on this ruling, finding that the inference is appropriate if the witness is not equally available to the party seeking to use the inference. The determining factor is not whether the witness "is unavailable in a practical sense" but rather turns on whether the witness has such a relationship with the party seeking to use the inference "that it creates bias or hostility against the opposing party." *Id*. For example, the Court points out that the employee of an opposing party would not be equally available because his relationship with the opposing party would set him apart from the party seeking to use the inference. <u>Perry</u> defined the connection that would fall within this category as "where his relationship with one of the parties is such that the witness would ordinarily be expected to favor him." <u>Perry</u>, *supra*, at 925.

It is an absolute fallacy to suggest that Plaintiff's healthcare providers are equally available to both parties. Rather, Plaintiff has expressly forbidden Defendant from communicating in any form with her healthcare providers, invoking the claim that such communications are barred by the HIPAA law.  In fact, when Defendant contacted Plaintiff's healthcare providers in an attempt to make arrangements to pay her medical bills, Plaintiff's counsel sent correspondence directing that such communication be ceased and that Defendant not have any contact whatsoever with her providers. Plaintiff's counsel, on the other hand, has had unfettered access to discuss and direct her treatment in depth, ask questions, arrange consultations, negotiate bills, and meet with witnesses to prepare their trial testimony. For Defendant to even call one of Plaintiff's physicians to determine whether he was planning on coming to court to testify would violate Plaintiff's interpretation of the HIPAA rules.

Further, because these providers are treating Plaintiff, they are her advocates and applying Perry would naturally be expected to favor her side. In fact, to the extent that Defendant intends to question the necessity and expense of the treatment Plaintiff received, the physicians who rendered that treatment would naturally be adverse to Defendant. As such, Perry and Jones dictate that these are not witnesses equally available to both parties, and that if Plaintiff fails to call a healthcare provider with relevant information, Defendant should be permitted to comment on that failure.

**13 & 14. Vouching For Defense Witnesses/ Personal Belief of Counsel.** This is yet another instance in which Plaintiff has made an overreaching argument as to a

vague issue that could best be handled in the course of the trial. If Defendant asks an objectionable question, then Plaintiff can make an objection at that point.

Defendant does not dispute the general proposition that the personal credibility of counsel cannot be placed at issue and that counsel should not vouch for a witness. However, this single-sentence motion by Plaintiff is broad beyond practical application, and could even be interpreted as to prevent an attorney from commenting that evidence "doesn't make sense." Certainly counsel can argue, based upon facts, that particular witnesses are not credible. Smith v. State, 151 Ga.App. 697, 700, 261 S.E.2d 439 (1979) provides:

> Although it would have been improper for the prosecutor to argue to the jury that he personally believed a witness was a liar or was lying, 'it is entirely proper for counsel to urge the jury to deduce such a conclusion from proven facts.' [Cits.] Where the argument is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such argument is proper even if it questions the veracity of the [opposing party].

Similarly, if Plaintiff is suggesting that Defendant cannot demonstrate facts bearing on witnesses' reputations for dishonesty or honesty (to the extent character for truthfulness has already been attacked), and suggest that certain witnesses are credible, then hers is an erroneous proposition that flies in the face of Rule 608. Again, it is a needless exercise for the parties and the Court to anticipate and rule on every conceivable evidentiary issue that might be presented in advance of the actual trial.

**15.Effect of Claims on Insurance Rates.**    Defendants do not dispute that insurance, and insurance rates, are not admissible.

**16.Referral to Medical Practitioner.** The case cited by Plaintiff states precisely the <u>opposite</u> of what Plaintiff contends. In <u>Waits v. Hardy</u>, 214 Ga. 41 (1958), the Georgia Supreme Court reversed the Court of Appeals' ruling that comments concerning the plaintiff's lawyer's referral to attorneys was out of bounds. Rather, the Supreme Court sided with the trial judge in finding no error in the defense attorney's comments that the plaintiff did not go to a doctor until he hired his lawyer, that the lawyer sent him to a doctor, and that his medical treatment as "trumped-up." The trial judge found that if the defendant could support these allegations with facts in evidence, they were legitimate charges.

Citing <u>Taylor v. State</u>, 121 Ga. 348(7), 49 S.E. 303, the <u>Waits</u> court held, "what has transpired in a case from its inception to its conclusion, and the conduct of the [opposite] party or his counsel with respect to the case is the subject of legitimate comment." <u>Waits</u>, *supra*, at 43-44. The Court found that the comment by defense counsel was "within reasonable and proper bounds" and cautioned against courts "usurp[ing] the functions of the jury in accepting or in disregarding what the counsel have to say in their arguments to the jury." <u>Id</u>. at 44.

While Defendants may not use language as colorful as the defense attorney in <u>Waits</u>, these issues are extremely relevant in this case, in that Plaintiff's attorneys have been involved in directing her healthcare, even to the extent of selecting

physicians, setting up examinations and paying some medical bills. The fact that Plaintiff's lawyers have orchestrated her treatment is relevant to issues of credibility and to failure to call witnesses. Whether this treatment was medically necessary or incurred to benefit her position in the lawsuit is a legitimate issue for comment and examination.

**17. Accident.** In yet another "form book" request that has no relation to the facts of this case, Plaintiff urges the court not to charge the jury on the defense of "accident." Defendant has admitted liability. Defendant has no intention, and has never expressed any intention, of invoking such a defense.

**18 & 19. Other Claims of Injuries without Proof by Expert as to Causation/Arguments Unsupported by Medical Evidence.** First, Plaintiff has represented that she has suffered no prior or subsequent injuries, and if she has been honest in this regard (Defendant believes she has) then this request is moot. If it comes to light that Plaintiff has had other injuries, certainly that is relevant to credibility and a proper subject for comment. As to the state of Plaintiff's health before this accident, this is a case in which Plaintiff's pre-existing condition is a factor, calling into question whether this accident caused the condition of which Plaintiff complains. The case Plaintiff cites is very limited in its application, and only applies to the rendering of a medical opinion. *See* <u>Thomason v. Willingham</u>, 118 Ga. App. 821 (1968).

The issue of causation is not exclusively reserved for expert opinion and there are a myriad of ways by which Defendant can demonstrate the nature and extent of

Plaintiff's prior condition, such as by calling lay persons, introducing medical records, Plaintiff's own testimony and even using physical evidence. For example, if in a car accident a driver hits the steering wheel and incurs a cut on her forehead, she is competent to say that the accident caused the cut. If a layperson saw a plaintiff wearing a knee brace days before the accident, that would be relevant to whether an accident caused that plaintiff's knee pain. Similarly, plaintiffs are routinely permitted to offer as evidence of causation the fact that they felt no pain before the accident and then constant pain afterwards. If Defendant has evidence of a pre-existing condition, that evidence should be ruled on as it is tendered.  Plaintiff has provided no authority suggesting that Defendant cannot comment on her pre-existing condition, and this portion of her motion should be denied.

**20.Filing this Motion.** Defendant has no objection to not mentioning the pursuit of motions in limine provided that it applies equally to each party. However, to the extent that this item could be read so broadly as to prohibit Defendant from pointing out that Plaintiff has not produced relevant evidence and that evidence was not excluded by the Court, Defendant objects to this item.

21.    **Reasonableness of Medical Bills.** Plaintiff seems to be suggesting that without expert testimony to the contrary her medical bills must be taken as gospel, but this proposition has no basis in Georgia law.  Defendant can attack the reasonableness of the bills, such as by showing that the expenses are not necessary, that proposed future expenses will not be incurred, that the calculation is erroneous, or that the

information upon which Plaintiff's own witness based his assessment was flawed. While Defendant would not dispute that Plaintiff must use expert testimony to show reasonable future medical costs, impeachment or discrediting of expert testimony can be achieved by countless means, not only by the testimony of another expert.

It is the Plaintiff who bears the burden of proof of demonstrating that her medical bills are reasonable and necessary, causally related and that they can be calculated with reasonable certainty. Barnes, *supra*; Peak v. Cody, 113 Ga.App. 674, 676, 149 S.E.2d 519, 521 (Ga.App. 1966) It is for Ms. Bufford to come forward with evidence to meet this burden of proof, and if she does not meet this burden she cannot recover on those medical bills. Eberhart v. Morris Brown College, 181 Ga.App. 516, 519, 352 S.E.2d 832, 834 (Ga.App.,1987) While the Georgia Code does provide that Plaintiff is competent to identify the medical bills she has incurred, "nothing in this Code section shall be construed to limit the right of a **thorough and sifting cross-examination** as to such items of evidence." O.C.G.A. § 24-7-9.

Defendant is entitled to cross-examine Plaintiff and her own experts and providers thoroughly on the reasonableness of those bills. O.C.G.A. § 24-7-9.  It is for the jury to decide whether Plaintiff has met her burden of proof in showing that all of her expenses were reasonable and the jury is not bound to believe the evidence that Plaintiff produces. *See* Ray v. Stinson , 172 Ga.App. 718, 720, 324 S.E.2d 506, 509 (Ga.App.,1984).

**22.Hearsay Statements of Medical Providers.** This is a decision that should be made on an item-by-item basis. Plaintiff does not point to which statements she contends are inadmissible, or when she feels they are inadmissible. Of course, each item of evidence must be proven by laying some sort of foundation, and to the extent that the foundation has not been laid the evidence would not be admissible. However, to convert this broad rule of evidence to an order of the court is unwieldy, and would serve no purpose other than to allow the opposing party to assert a violation of a court order and prompt argument over the scope of the order rather than the admissibility of the evidence. This is not an appropriate topic for review on a motion in limine.

**23.Arguments Suggesting Plaintiff Was Unusually Susceptible or Vulnerable to Injury.**  While Defendants generally acknowledge the existence of the "eggshell plaintiff" principle, the concept of a plaintiff unusually susceptible to injury should not be confused with that of a plaintiff with a pre-existing injury. Defendants would not expect to argue that Plaintiff was exceptionally vulnerable to injury, but instead intend to assert that all or some of her injuries pre-dated this accident and that Defendant should only be held liable for that condition and those treatments caused by this accident.  It is axiomatic that Defendant is only responsible to the extent the jury finds that her underlying, pre-existing condition was aggravated by injury. Whatley v. Henry, 16 S.E.2d 214, 215 (Ga.App. 1941); Mitchell v. Turner, 89 Ga.App. 14, 20, 78 S.E.2d 438, 442 (Ga.App.1953); Garner v. Driver, 155 Ga.App. 322, 325, 270 S.E.2d 863, 866 (Ga.App., 1980).

**24.Arguments that Pain Was Caused by Surgeon's Malpractice Without Expert Proof or that Surgery Was Unsuccessful.** This is another instance in which Plaintiff seeks a ruling on a vague issue that may or may not be presented in this case, and asks the Court to make an evidentiary determination without even knowing what evidence will be introduced and what foundation supports it. Counsel would of course agree that their arguments need to be supported by the facts in evidence, but if evidence to this effect is introduced, Defendant should be able to comment on it and explore it in examination. At this point there is no guarantee what the evidence will show. This issue should be ruled on if and when it arises.

**25.Arguments Suggesting that Physiatry is Less than a Medical Profession.** Plaintiff's expert has testified as to the profession of physiatry and as to his training and education. Defendant would not expect to dispute his testimony as to the field or as to his training. When presented with an expert opinion, Defendant is entitled to test the credibility of that opinion so that the jury can determine whether the witness is qualified and credible. His education, training, and ability to know the matters on which he opines are valid subjects for cross-examination, especially since he puts them at issue by submitting himself as an expert.

**26.Any Reference to MedLien as an Inadmissible Collateral Source.** Defendants agree that neither party should be able to make reference to medical liens, and that Plaintiff should not present to the jury cumulative bills, meaning both those

for the underlying treatment and those from the lender who advanced her the money to pay for her underlying treatment.

**27. Any Reference to Cost of Medicine from a National/Wal-Mart/Kroger Prescription Plan.**  Certainly, it is Plaintiff who bears the burden of showing that her medical expenses, medication costs included, were reasonable and necessary. <u>Barnes</u>, *supra*. If the evidence were to show that Plaintiff had less expensive sources for the same medications available to her, excluding of course any insurance plan, then the reasonableness and necessity of the charges she incurred, or may incur in the future, is a valid ground for cross-examination and impeachment. For example, the cost of a soda from a vending machine is vastly different from the cost of a soda at a Braves game, and if Plaintiff has available to her a vending machine she should not call on Defendant to pay ballpark prices.

To the extent that this section is intended to address future medication costs for Plaintiff, that matter should be excluded in its entirety, as set out in Defendant's motion in limine. Briefly, because the only physician Plaintiff has offered on the topic of future medications has testified that he did not have knowledge as to the cost of the same, there is no evidence to support a claim for future medications.

**28.  Advertisement by Plaintiff's Counsel.** Defendant would refer the Court to the discussion contained in Section 11.  Plaintiff's expectations concerning her counsel before the same was engaged and what chose her to select her counsel would be relevant if there were evidence suggesting that she relied up statements contained

in advertising that would effect her credibility. Likewise the jury may have pre-conceived impressions of Plaintiff's counsel based upon his advertisements, which is certainly relevant.

**29.     Employment of Counsel/Fees.** Defendant would refer the Court to the discussion contained in Section 11.

**30 & 31. Request for Independent or Compulsory Medical Examination During the Trial/Requests for Physical Demonstrations.** To the extent that Plaintiff is claiming that Defendant should not ask for an on-the-spot demonstration or examination, Defendant would not disagree as long as this embargo applies to both parties equally. If Plaintiff contends that this request is broader, it is so vague that it should not be considered in advance of trial.

**32. No Mention of Plaintiff's Choice of Venue.** Defendant has no objection.

**33. No Mention that Parties Failed to Mediate the Case Previously.** While this is no adjusted to the facts as the parties in this case did mediate, Defendant agrees that this fact should not be commented upon before the jury by either party.

**34.  Approach the Bench.** Defendant is not exactly certain what practice Plaintiff is seeking to prohibit. Naturally, Defendant shall follow the Court's customary practice and instructions as to when and whether to approach the bench with argument at trial. To the extent that Plaintiff's motion is intended to preclude spoken, oral objections as the parties present evidence, Defendant would object to the motion. The parties cannot possibly anticipate every objection that would be appropriate at trial in

order to include that objection in a pre-trial motion or to raise it outside of the jury's presence before the objectionable question or comment is uttered. The ability to make an objection upon an attempt to introduce improper evidence is a cornerstone of rules of evidence, and this request is so vague and amorphous that the parties would have no way of knowing what conduct is restricted.

**35. Inform the Witness.** This item is similarly vague and ambiguous, placing Defendant at a loss as to what type of action Plaintiff thinks that the Court should order Defendant to take. Defendant would agree that in general if the Court instructs Defendant not to make reference to certain items, that instruction would extend to prevent Defendant and its witnesses, if any, from making reference to the fact that the Court forbade reference as to those items. However, if a witness that is not a party violates this order and mentions excluded evidence, Defendant should not be held accountable for a breach over which it had no control. Defendant would agree that if the Court excludes in limine certain evidence, Defendant will not mention that evidence unless Plaintiff opens the door or the Court so allows, and would instruct its witnesses accordingly. However, if the Court denies any portion of Plaintiff's Motion in Limine, Defendant objects to any attempt by Plaintiff to require Defendant to return to the Court for another ruling verifying the admissibility of that evidence prior to presenting that evidence.

**36. Attack on Plaintiff's Trial Counsel by Defense Attorneys.** Defendant would hope that it does not take an order of the Court for the parties to fulfill their ethical and professional.

**37. Vouching for Defense Witnesses.** Defendant refers the Court to its response to Section 13, which presented precisely the same argument.

**38. Special Efforts Required by the Jury.** Yet again, Plaintiff's vague, un-cited argument is so uninformative that Defendant is at a loss as to what argument Plaintiff seeks to exclude. Certainly Defendant can implore the jury to be fair and impartial, and can remind the jury that it is the Plaintiff who bears the burden of proof.

**39. Documents Not Previously Addressed in Pre-Trial Order.** Defendant would of course abide by the Court's evidentiary rulings on documents as they are tendered. Defendant, however, would point out that documents used for the purpose of impeachment do not have to be disclosed in advance and should not be disallowed because they were not listed in the pre-trial order. The pretrial disclosure requirement does not extend to evidence upon which a party may possibly rely solely for impeachment. Fed. R. Ev. 26(a).

**40. Evidence and Testimony.** Defendant has no objection to this limitation provided that it is applied to both parties.

## CONCLUSION

Defendant has struggled with responding to Plaintiff's Motion in Limine. Plaintiff has presented the Court with a motion that is not adjusted to the facts in this case.

Plaintiff lists <u>40</u> categories of evidence and commentary that she wishes excluded (although admittedly a number are verbatim repetitions of previous categories). Plaintiff has not cited a single instance of testimony, a single document  or a single item of evidence that she wishes excluded. Instead, she has copied vague and conclusory statements, often unaccompanied by any citation to law, to which Defendant was forced to perform legal research and draft a response.

Plaintiff did not even adjust this form motion to accommodate the fact that this case is pending in federal court. Rather, her arguments are all supported by citations to Georgia evidentiary law rather than federal law, making the citations she did provide largely meaningless. Defendant has been forced to spend considerable time in order to rebut the vague arguments that Plaintiff simply copied from the internet or some form.

Because the motion is vague, because it is not adjusted to the facts of the case, because it is not supported by proper citations to authority, and because it largely consists of discussion of Georgia evidentiary law, Defendant urged the Court to summarily deny Plaintiff's motion and to "reserve judgment until trial so that the motion is placed in the appropriate factual context."  <u>Castro v. City of New York</u>, 2009 WL 2461144 (E.D. NY 2009).

DUNCAN & ADAIR, PC
7000 Central Parkway, Suite 220
Atlanta, Georgia 30328
(770) 698-4560
jadair@duncanadair.com

*/s/ Jennifer C. Adair*
George E. Duncan, Jr.
State Bar No. 233450
Jennifer C. Adair
State Bar No. 001901

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA BUFFORD,         *

                              *

      Plaintiff,          *     CIVIL ACTION FILE

                              *

vs.                    *     NO. 1:08-CV-3324-TCB

                              *

TGM ASHLEY LAKES, INC., doing *

Business as TGM Associates, L.P.,  *

                              *

      Defendant.       *

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE,** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Thomas C. Sinowski, Esq.
Scott S. Cohen, Esq.
Freedman & Sinowski P.C.
P. O. Box 93887
Atlanta, GA 30377

SO CERTIFIED this 5th day of November, 2009.

DUNCAN & ADAIR, P.C.

By:    */s/ Jennifer C. Adair*
        George E. Duncan, Jr.
        State Bar No. 233450
        Jennifer C. Adair
        State Bar No. 001901

7000 Central Parkway, Suite 220
Atlanta, Georgia 30328
(770) 698-4560
jadair@duncanadair.com

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and thus satisfies the font size requirements of this Court.

Dated:    November 5th  2009

By:    */s/ Jennifer C. Adair*
Jennifer C. Adair
State Bar No. 001901